UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBYN WILLIAMS

                    Plaintiff,

      v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                    Defendant.

**DECISION
and
ORDER**

**16-CV-00807-LGF
(consent)**

_____

APPEARANCES:         LAW OFFICES OF KENNETH A. HILLER
                            Attorneys for Plaintiff
                            TIMOTHY HILLER, of Counsel
                            6000 Bailey Avenue
                            Suite 1A
                            Amherst, New York 14226

                            JAMES P. KENNEDY
                            ACTING UNITED STATES ATTORNEY
                            Attorney for Defendant
                            CATHERINE ZURBRUGG
                            Assistant United States Attorney, of Counsel
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York 14202, and

                            STEPHEN P. CONTE
                            Regional Chief Counsel
                            United States Social Security Administration
                            Office of the General Counsel, of Counsel
                            26 Federal Plaza
                            Room 3904
                            New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties consented, pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 16), to proceed before the undersigned. (Dkt. No. 16-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on May 11, 2017, by Plaintiff (Dkt. No. 11), and on August 25, 2017, by Defendant (Dkt. No. 14).

## BACKGROUND and FACTS

Plaintiff Robyn Williams ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying her application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on April 4, 1980 (R. 210), alleges that she became disabled on December 30, 2009, when she stopped working as a result of depression, left shoulder pain, lower back pain and muscle aches. (R. 242).

Plaintiff's application for disability benefits was initially denied by Defendant on December 1, 2010 (R. 79), and, pursuant to Plaintiff's request on February 13, 2013, a hearing was held before Administrative Law Judge Timothy Trost ("Judge Trost" or "the ALJ") on August 26, 2014, in Buffalo, New York, where Plaintiff, represented by Kimberly Irving, Esq. ("Irving") appeared and testified. (R. 54-77). The ALJ's decision denying Plaintiff's claim was rendered on December 23, 2014. (R. 21-30). Plaintiff requested review by the Appeals Council, and on August 10, 2016, the ALJ's decision

became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on October 11, 2016, with Plaintiff alleging that the ALJ erred by failing to find her disabled. (Dkt. No. 1).

On May 11, 2017, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 11) ("Plaintiff's Memorandum"). Defendant filed, on August 25, 2017, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 14) ("Defendant's Memorandum"). Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

### A. <u>Standard and Scope of Judicial Review</u>

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the

Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[2] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.*

---

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[3] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must

---

[3] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.** **<u>Substantial Gainful Activity</u>**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit. 20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed. 20 C.F.R. § 404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ concluded that Plaintiff engaged in substantial gainful activity during 2011 and 2012, and that Plaintiff's first date of engaging in no substantial gainful activity commencing a period of disability, was January 1, 2013. (R. 23-24). (R. 13). Plaintiff does not contest this finding.

## C. Severe Physical or Mental Impairment

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities."  If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends.  20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b).  The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work.  *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of lumbar degenerative disc disease and that Plaintiff's neck pain and mental impairments were not severe.  (R. 24).  Plaintiff contends that the ALJ's step two findings are erroneous as the ALJ failed to include Plaintiff's mental impairments in step

7

two of the ALJ's disability analysis and failed to correct such error by including findings of Plaintiff's mental impairments throughout the remaining steps of the ALJ's disability determination. Plaintiff's Memorandum at 12-18. Defendant maintains that Plaintiff's mere diagnosis of depression was not enough to require the ALJ to find that Plaintiff's condition was a severe impairment under step two of the disability analysis, that Plaintiff's mental impairment did not meet the required durational requirement of 12 months, and that any error resulting from the ALJ's step two findings should be deemed harmless as the ALJ included Plaintiff's other severe impairments throughout the remaining steps of the ALJ's disability analysis. Defendant's Memorandum at 9-19. Plaintiff's motion on this issue is without merit.

A plain reading of the record establishes the ALJ included consideration of Plaintiff's February 14, 2014, mental health assessment with Child and Family Services ("CFS"), where Plaintiff reported anxiety, panic attacks, and depression (R. 543), a January 30, 2013, consultative examination with Juan Echevarria, M.D. ("Dr. Echevarria"), that showed Plaintiff with no limitations to activities of daily living, social functioning, concentration, persistence or pace, and no episodes of decompensation (R. 90), and a January 23, 2013, psychiatric evaluation with Susan Santarpia, Ph.D. ("Dr. Santarpia"), who evaluated Plaintiff with only a mild limitation to her ability to perform tasks independently as a result of fatigue. (R. 449). Because none of this evidence regarding Plaintiff's mental health establishes anything more than mild functional limitations as a result of depression, substantial evidence therefore supports the ALJ's finding that Plaintiff's mental impairments were not severe. Moreover, assuming *arguendo,* that the ALJ erred in not deeming Plaintiff's depression severe under step

two of the disability analysis, as Defendant correctly maintains, any such error during step two of the ALJ's analysis is harmless because the ALJ proceeded beyond step two of the disability analysis and considered the effect of all of the Plaintiff's impairments throughout the remaining steps of the analysis.  The ALJ specifically noted that he considered all of Plaintiff's symptoms in the ALJ's residual functional capacity assessment (R. 27), and included a discussion of Plaintiff's testimony regarding her depression, anxiety, and panic attacks, finding that Plaintiff's mental impairments did not result in any functional limitations.  (R. 28).  The ALJ in this case thereby included Plaintiff's mental impairment in the ALJ's residual functional capacity assessment of Plaintiff, rendering any failure of the ALJ to find Plaintiff's depression as a severe impairment under step two of the sequential disability analysis harmless error.  *See Reices-Colon v. Astrue*, 523 Fed. App'x. 796, 798 (2d Cir. 2013) (harmless error where ALJ erred in excluding severe impairments from step two of the disability analysis but proceeded to evaluate claimant's disability based on such severe impairments through the remaining steps of the sequential analysis) *see also Meyers v. Astrue*, 954 F.Supp. 2d. 1163, 1173-74 (W.D. Wash. 2013) (step two error harmless where residual functional capacity assessment included additional significant limitations from chronic pain syndrome).  Plaintiff's motion on this issue is accordingly DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 11) is DENIED; Defendant's motion (Doc. No. 14) is GRANTED. The Clerk of Court is ordered to close the file.

So Ordered.

/s/ Leslie G. Foschio

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 20, 2018
Buffalo, New York